In a petition for rehearing it is stated that the copy of the alternative writ received by counsel and presented with the petition for rehearing contained by *Page 1153 
mistake a clerical error which misled counsel for respondent into admitting a paragraph of the alternative writ setting up the findings of the Railroad Commission in making the order, which paragraph would have been controverted but for the clerical error. It is also suggested that since the writ was issued much more than a year has elapsed during which time the business of the respondent at the point has not increased as anticipated by the Railroad Commissioners in making the order sought to be enforced; and that the present and prospective business of respondent "can be amply served and accommodated within all reasonable requirements with the present facilities, or with such reasonably improved facilities as can be made without imposing the erroneous burden in proportion to earnings, and the demand of the public that is imposed by order No. 810;" and submits an amended answer with the petition for rehearing asking leave to file it. The admission of the answer referred to was construed to admit the making of the order, but not its reasonableness or legality, which latter was directly challenged by averments of the answer.
The offered amended answer to the alternative writ denies that the finding of the Railroad Commissioners was based upon "the preponderance of the evidence submitted at the hearing, and denies that the passenger and freight facilities and accommodations of respondent at Dade City, Florida, were, at the time, or have since been, or are now, inadequate to meet the safety, convenience and comfort of passengers and the proper handling, care, protection and prompt delivery of freight, but, upon the contrary, Respondent avers that "its existing passenger and freight facilities and accommodations at Dade City, Florida, were then and have since been and still are, adequate to meet the safety, convenience and comfort of passengers and the proper handling, care protection and prompt delivery of *Page 1154 
freight, as is hereafter more fully shown in the next paragraph hereof."
This denial that the finding of the Commission was based on the preponderance of the evidence and that respondent's facilities are inadequate are insufficient to overcome the statutory presumption in favor of the order.
The averments that respondents present passenger room facilities are adequate and sufficient for the number of passengers entraining and detraining at said point from respondent's trains each day; that each white and colored passenger room contains 212 square feet of space and that the requirements of the order are unreasonable, are also insufficient.
It is true the amended answer shows there has been a slight decrease in the passenger business since the order was made, but there are no averments of facts showing the nature or condition or capacity or suitability of the present depot facilities; and the mere averments of meagre facts or conclusions as to the adequacy of the present facilities and the unreasonableness of the order, are manifestly insufficient to overcome the order in view of the statutory provision that the order of the Commissioners "shall be deemed and held to be within their jurisdiction and their powers, and to be reasonable and just and such as ought to have been made in the premises and to have been properly made and arrived at in due form of procedure and such as can and ought to be executed, unless the contrary plainly appears on the face thereof or be made to appear by clear and satisfactory evidence, and shall not be set aside or held invalid unless the contrary so appears."
The averments of the preferred amended answer may justify an inference that the order is unreasonable in its scope, but the law requires the order to be enforced unless it be made to appear by clear and satisfactory evidence *Page 1155 
or by admitted averments of facts having the probative force of clear and satisfactory evidence, that the order is unreasonable.
Rehearing denied.
WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.
ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion. *Page 1156